UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AQUA SHIELD, INC., IGOR KORSUNSKY,
and YELENA KORSUNSKAYA,

                Petitioners,

   -against-

ALEXANDRA BROOKS, BOB BROOKS,
and AQUA SHIELD, INC., a New York Corporation,

                Respondents.
------------------------------------------------------------X
BOB BROOKS and ALEXANDRA BROOKS,

                Petitioners,

   -against-

AQUA SHIELD, INC., a New York Corporation,
IGOR KORSUNSKY and YELEN KORSUNSKAYA,

                Respondents.
------------------------------------------------------------X

**ORDER**
13-CV-3008 (SJF)(WDW)

13-CV-3009 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ OCT 24 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

      On or about November 2008, Igor Korsunsky, Yelena Korsunskaya (the "Korsunskys"), and Aqua Shield, Inc. ("Aqua Shield") commenced an arbitration against Bob Brooks, Alexandra Brooks (the "Brooks"), and Aqua Shield claiming breach of fiduciary duty, breach of the shareholders' agreement, breach of contract of employment, an accounting, and conversion. On January 29, 2009, the Brooks filed a petition for dissolution of Aqua Shield pursuant to New York Business Corporation Law § 1104 in the Supreme Court of New York, Nassau County (the "Dissolution Action"). On February 1, 2013, the arbitrator issued an award (the "Award"). On

1

February 7, 2013, the Korsunskys commenced a proceeding in the Supreme Court of New York, Nassau County to confirm the Award (the "Confirmation Action").

On February 22, 2013, the Brooks filed notices of removal to the United States District Court of the Dissolution Action and the Confirmation Action.[1] Now before the Court are the Korsunskys' motions to remand the Dissolution Action and the Confirmation Action. For the reasons set forth below, the Korsunskys' motions to remand are granted and the Dissolution Action and the Confirmation Action are remanded back to the Supreme Court of New York, Nassau County.

I. Background

    A. The Parties

Aqua Shield is a corporation duly licensed to transact business in New York State, which has its principal place of business at 130 Bell Street, West Babylon, New York. (Verified Petition to Confirm Arbitration Award ["Conf. Pet."], ¶ 2). Aqua Shield manufactures, sells, and installs telescopic pool enclosures. (*Id.*)

Igor Korsunsky and Yelena Kosunskaya, husband and wife, reside in Kings County and are shareholders, officers, and directors of Aqua Shield. (*Id.* at ¶¶ 3-5).

Alexandra Brooks and Bob Brooks, husband and wife, reside in Massapequa, Nassau County, and are shareholders, offices, and directors of Aqua Shield. (*Id.* at ¶¶ 6-8).

The Korsunskys and the Brooks each are fifty percent (50%) equity shareholders in Aqua Shield. (Levine Declaration in Support of Motion to Remand the Confirmation Action ["Levine Conf. Decl."], ¶ 3).

---

[1] The Dissolution Action previously pending in Nassau County, entitled *Brooks, et al. v. Aqua Shield, Inc., et al.*, Index No. 1572/2009, has been removed to this Court and assigned case number 13 CV 3009 (SJF)(AKT). The Confirmation Action previously pending in Nassau County, entitled *Aqua Shield, Inc., et al. v. Brooks, et al.*, No. 600295/2013, has been removed to this Court and assigned case number 13 CV 3008 (SJF)(WDW).

B.  Procedural History

On November 8, 2008, the Korsunksys filed a demand for arbitration in front of the American Arbitration Association. (Schwarz Affidavit in Support of Cross Motions in Lieu of Opposition to Order to Show Cause in Dissolution Action ["Schwarz Aff."], ¶ 15). On January 29, 2009, the Brooks initiated the Dissolution Action by filing a petition for dissolution of Aqua Shield pursuant to New York Business Corporation Law § 1104 in the Supreme Court of New York, Nassau County. (*Id.* at ¶ 26). On February 1, 2009, the Brooks served the Korsunskys with an order to show cause with petition for dissolution. (*Id.* at ¶ 27).

On February 1, 2013, the arbitrator issued the Award, finding that the Brooks had breached their fiduciary duties and engaged in self-dealing and conversion. (Conf. Pet., ¶¶ 15, 17). The Award directed the Brooks to repay $161,110.78 to Aqua Shield and to pay $140,258.89 to the Korsunskys. (*Id.* at ¶¶ 18-22). On February 7, 2013, the Korsunskys filed a petition to confirm the arbitration award in the Supreme Court of New York, Nassau County. (*Id.* at ¶ 1).

On February 21, 2013, the Brooks commenced a chapter 11 bankruptcy proceeding under title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Proceeding"). (Korsunskys' Motion for Relief from Automatic Stay ["Mot. to Vacate Stay"], ¶ 2). The Bankruptcy Proceeding was assigned case number 13-70840-DTE.

The next day, on February 22, 2013, the Brooks filed notices of removal to this Court pursuant to 28 U.S.C. § 1452 in both the Dissolution Action and the Confirmation Action, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1334 because the Dissolution Action and Confirmation Action are related to the Bankruptcy Proceeding. (Notice of Removal

3

of Dissolution Action, ¶¶ 3-4; Notice of Removal of Confirmation Action, ¶¶ 3-4). Accordingly, the Confirmation Action was removed to this Court and assigned docket number 13 CV 3008 (SJF)(WDW). The Dissolution Action was removed to this Court and assigned docket number 13 CV 3009 (SJF)(AKT).

On May 10, 2013, the Korsunskys filed a motion in the Bankruptcy Proceeding for relief from the automatic stay afforded by Section 362 of the Bankruptcy Code. (Mot. to Vacate Stay, ¶¶ 12, 13). On June 13, 2013, Judge Eisenberg of the United States Bankruptcy Court, Eastern District of New York granted the Korsunskys' motion and ordered "that pursuant to 11 U.S.C. § 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, the automatic stay is vacated with respect to that certain Award of Arbitrator dated February 1, 2013." (Order Lifting the Automatic Stay, Levine Decl. Ex. A).

The Korsunsksys now move to remand the Dissolution Action and the Confirmation Action to the Supreme Court of New York, Nassau County pursuant to 28 U.S.C. § 1452(b).[2]

II. Discussion

Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "The jurisdictional basis for bankruptcy removal pursuant to § 1452(a) is provided in 28 U.S.C. § 1334(b)." *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (S.D.N.Y. 1991). Section 1334(b) provides that "district courts shall have original but

---

[2] The Brooks argue that the Korsunskys' motion to remand the Confirmation Action is a nullity because it "was made in violation of the automatic stay afforded the Brooks by 11 U.S.C. 362" "when they filed their bankruptcy case." (Brooks' Opposition to Motion to Remand the Confirmation Action ["Opp. to Conf. Remand"], ¶¶ 3-4). However, the automatic stay was *vacated* by Judge Eisenberg before the Korsunskys filed their motion to remand the Confirmation Action. Accordingly, the Korsunskys' motion did not violate the automatic stay.

4

not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Thus, a district court's bankruptcy jurisdiction is limited to cases 'arising under,' 'arising in,' or 'related to' a case filed under the Bankruptcy Code." *Tribul Merchs. Servs., LLC v. ComVest Grp.*, No. 12-CV-5063, 2012 WL 5879523, at *8 (E.D.N.Y. Nov. 21, 2012).

Civil proceedings "arising under" or "arising in" title 11 are referred to as "core" proceedings, while proceedings "related to" cases under title 11 are "non-core." *Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 578-79 (E.D.N.Y. 2009). Core proceedings "are directly related to a bankruptcy court's central functions," *id.* at 579, and "have no existence outside of the bankruptcy case." *Schumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010) (citation omitted). In contrast, "non-core proceedings are those that are related to the bankruptcy case but do not arise under Title 11 and are typically based on common law." *In re EMS Fin. Servs., LLC*, 491 B.R. 196, 201 (E.D.N.Y. 2013). The district court has jurisdiction of a non-core proceeding "relating to" a title 11 case if the action's "outcome might have any conceivable effect on the bankrupt estate." *Parlamat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 649 F.3d 572, 579 (2d Cir. 2011).

Notably, the Brooks do not contend that the Dissolution Action and the Confirmation Action are within this Court's "core" jurisdiction pursuant to §1334(b). Instead, the Brooks argue that both actions are within the *bankruptcy court's* core jurisdiction, yet removed the actions to *this Court*. (Brooks' Opposition to Motion to Remand the Dissolution Action ["Opp to Diss. Remand"], ¶¶ 4-5 ("*bankruptcy courts* are not precluded from adjudicating state-law claims . . . when such claims are at the heart of the administration of the bankruptcy estate") (emphasis added) (citation and quotation omitted)); Opp. to Conf. Remand, ¶¶ 31-39 (same)). In

any event, the Dissolution Action and the Confirmation Action are not core proceedings. Both actions were initiated in Supreme Court of New York prior to the Brooks' commencement of the Bankruptcy Proceeding and thus have "existence outside the bankruptcy case." *Schumacher*, 429 B.R. at 405; *see also Bevilacqua v. Bevilacqua*, 208 B.R. 11, 15 (E.D.N.Y. 1997) ("Private rights claims that are commenced in state court *prior* to the filing of the bankruptcy petition are generally non-core.") (alteration in original).

At most, the Dissolution Action and Confirmation Action are non-core proceedings that are "related to" the Bankruptcy Proceeding. Through adjudication of the Dissolution Action, "[Aqua Shield] will be valued, its assets sold and [the Korsunskys and the Brooks] will be assigned a share after adjustment credits," and "the Brooks' share will be transferred to the Trustee for, inter alia, payment to creditors." (Levine Declaration in Support of Motion to Remand the Dissolution Action, ¶ 11). The proof of claim filed by the Korsunskys in the Bankruptcy Proceeding relies on the Award, which is the subject of the Confirmation Action. (Opp. to Conf. Remand, ¶¶ 34-36). Therefore, the Dissolution Action and the Confirmation Action "could conceivably have an effect on [the Brooks'] bankruptcy estate since a judgment could augment or diminish the estate." *Bevilacqua*, 208 B.R. at 16.

After a case is removed to federal court under § 1452, the non-moving party may move to have the case remanded to state court "on any equitable ground." 28 U.S.C. § 1452(b). An "equitable ground" under § 1452(b) is one that is "fair and reasonable." *In re Cathedral of the Incarnation in the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir. 1996). "Because non-core claims do not implicate the essence of federal bankruptcy power, district courts consider such classification of a claim in deciding whether to grant an equitable remand." *Shilobeth v. Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y. 2009); *see also Drexel*, 130 B.R. at 409 ("Congress

has made it plain that, in respect to noncore proceedings . . . the federal courts should not rush to usurp the traditional precincts of the state court.") (citation and quotation marks omitted).

When determining whether "equity demands that a case removed under § 1452(a) be remanded to state court," district courts consider: "(1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants." *Schumacher*, 429 B.R. at 405 (citing *Drexel*, 130 B.R. at 407).

Consideration of the equitable factors warrants remand of the Dissolution Action and the Confirmation Action to state court. This Court's jurisdiction of the Dissolution Action and the Confirmation Action is based solely on an attenuated relationship to the Bankruptcy Proceeding, which was not filed until the day before the Brooks sought removal of the two actions in a thinly veiled attempt to thwart the Award. Adjudication of these non-core proceedings, which involve exclusively state law claims, will not affect the efficient administration of the Brooks' bankruptcy estate. *See Drexel*, 130 B.R. at 407-098 ("While this action is sufficiently related to [the bankruptcy case] for jurisdictional purposes under § 1334(b), it is not sufficiently related to warrant retention of federal jurisdiction over the state law claims it presents."). Furthermore, "[i]t is well-settled that comity considerations dictate that federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate." *In re 9281 Shore Rd. Owners Corp.*, 214 B.R. 676, 696 (E.D.N.Y. 1997). In attempting to avoid this established principle, the Brooks argue that the "*bankruptcy court* applying applicable state law will achieve comity with the state courts." (Opp. to Diss. Remand, ¶ 33; Opp. to Conf. Remand, ¶ 51) (emphasis added).

7

Once again, the Brooks imply that the Dissolution Action and the Confirmation Action were removed to the bankruptcy court, which they were not. The Brooks concede there is no right to a jury trial in the Dissolution Action or the Confirmation Action. (Opp. to Diss. Remand, ¶ 38; Opp. to Conf. Remand, ¶ 54). Lastly, the Brooks have not identified any prejudice that would result if the Dissolution Action and the Confirmation Action are remanded to state court. Accordingly, consideration of the equitable factors warrant that the Dissolution Action and the Confirmation Action be remanded to state court.

III. Conclusion

For the reasons states above, the Korsunskys' motions to remand are granted and the Dissolution Action and the Confirmation Action are both remanded to the New York State Supreme Court of New York, Nassau County. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 24, 2013
       Central Islip, New York